UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON GOODWILL,

    Plaintiff,

v.                                                        Case No. 17-cv-622-pp

CITY OF SHEBOYGAN,
SHEBOYGAN COUNTY,
STATE OF WISCONSIN,
SHEBOYGAN POLICE DEPARTMENT,
SHEBOYGAN COUNTY DETENTION CENTER,

    Defendants.

---

**ORDER SCREENING PETITION, DENYING WITHOUT PREJUDICE THE PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING AS MOOT THE PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), AND DISMISSING CASE**

---

On May 1, 2017, petitioner Jason Goodwill filed a petition for writ of *habeas corpus* in which he demanded a federal criminal grand jury investigation. Dkt. No. 1. Although the petitioner filed an application asking the court to allow him to proceed without prepaying the filing fee, dkt. no. 2, the court received—on the same day it received that application—the $5.00 fee for filing a *habeas* petition. The court will deny that application as moot.

The petition does not provide many facts—the opening paragraph says that the petitioner wants the court "to inquire into the cause of constructive custody and restraint of liberty." Dkt. No. 1 at 1. It states that the petitioner has been deprived of due process, that he has been falsely imprisoned, that he

has been denied proper car, that he has been subjected to murder threats, and that the Sheboygan police assaulted him and tried to deprive him of evidence on April 25, 2017. Id. at 2. Finally, the petition states, "Case 16-CF-628 is Double Jeopardy of 13-CF-360." As relief, the petitioner demands a federal grand jury investigation of his allegations and evidence. Because the petitioner has other means to seek the relief he demands, and he has not exhausted his claims as to the criminal case in Sheboygan County Circuit Court in which he currently is a defendant, the court will dismiss the federal petition without prejudice.

In the "Jurisdiction" portion of his petition, the petitioner indicates that this court has jurisdiction over his claims under 28 U.S.C. §1331 (giving federal courts jurisdiction over civil cases arising under the Constitution or laws of the United States); §1361 (giving district courts jurisdiction over mandamus actions against federal officers or employees to perform duties owed to the plaintiff); §2241 (allowing prisoners to seek *habeas* relief if they are "in custody in violation of the Constitution or laws . . . of the United States"); and §2243 (instructing courts regarding the procedures for issuing a *habeas* writ). Dkt. No. 1 at 2. As relief, he demands a federal criminal grand jury investigation. Id. at 1.

The only one of the above statutes that gives the petitioner the ability to seek *habeas* relief is 28 U.S.C. §2241. Rule 4 of the Rules Governing Section 2254 Cases applies to §2241 petitions. See Rule 1(b), Rules Governing Section 2254 Cases; 28 U.S.C. §2243. Rule 4 requires the district court to "promptly

2

examine"—or "screen"—the petition, and indicates that if the court concludes that the petitioner is not entitled to relief, the court "must" dismiss the petition. Id.

The petitioner explains that he is a "People of the Republic of the United States named America and neither in the capacity of the citizen of the United States . . . nor a citizen of the STATE OF WISCONSIN." Dkt. No. 1 at 1. He alleges that, in that capacity, he has been subjected to violations of due process, rights and liberties for the past decade, and has been falsely imprisoned as a witness and whistle-blower. He lists several grievances he has, such as being deprived of proper care and being subjected to murder attempts, although he does not specify anywhere which of the defendants allegedly committed these offenses. He also alleges that on April 25, 2017, defendants Sheboygan police "assaulted and attempted to deprive" him of evidence. He does not explain how or when any one of these defendants injured him, other than to state that "Case 16-CF-628 is double jeopardy of 13-CF-360." Dkt. No. 1 at 3. Again, the only form of relief the petitioner requests is that he demands a federal grand jury investigation.

It is true that federal courts have "inherent supervisory power over the grand jury." Carlson v. United States, 837 F.3d 753, 762 (7th Cir. 2016). But because a grand jury functions as an independent body, the court's supervisory role is limited. Id., citing United States v. Williams, 504 U.S. 36, 50 (1992). "Judges' direct involvement in the functioning of the grand jury has generally been confined to . . . calling the grand jurors together and

administering their oaths of office." Williams, 504 U.S. at 47, citing United States v. Calandra, 414 U.S. 338, 343 (1974). Courts "may not direct the courts of a grand jury investigation . . . ." United States v. Howard, 560 F.2d 281, 284 (7th Cir. 1977). Generally it is the prosecutor and the grand jury itself who decide "the direction and depth of investigation." Matter of Sinadinos, 760 F.2d 167, 170 (7th Cir. 1985). The petitioner does not have a private right of action to have someone investigated or prosecuted. That decision lies in in the discretion of the United States Attorney or local prosecutors. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Del Marcelle v. Brown County Corp., 680 F.3d 887, 901 (7th Cir. 2012).

If the petitioner believes that someone—one of the defendants, or someone who works for one of the defendants—has committed crimes against him, he has a remedy available to him. He can report the alleged crime to a federal law enforcement agency (such as the Federal Bureau of Investigation), or can report it directly to the federal prosecutor (the United States Attorney for the Eastern District of Wisconsin). He does not need *habeas* relief to do this—he needs only to provide the F.B.I. or the U.S. Attorney with the facts that he believes demonstrate that he has been the victim of crimes.

The petitioner also appears to believe that there is something constitutionally, or legally, wrong with the case he referred to as "Case 16-CF-628." The Wisconsin Circuit Court Access web site—https://wcca.wicourts.gov—shows that this is, in fact, a pending case, State v.

Goodwill, Sheboygan County Circuit Court Case No. 2016CF000628. The court record events list in that case shows that a warrant issued for the defendant on September 30, 2016—the case opened on that date. (Id. at dkt. entry 15). The petitioner first appeared in court on April 18, 2017 (id. at dkt. entry 12). The commissioner found probable case on that date, id., and set a cash bond of $10,000 for his release, id. at dkt. entry 11. The court bailiff reported that the petitioner "refused to be transported" to a hearing on April 24, 2017, id. at dkt. entry 6; he appeared in custody on April 26, 2017, and the judge found probable cause and bound him over for trial, id. at dkt. entry 5. The Sheboygan County judge has scheduled a jury trial for July 26, 2017. Id. at dkt. entry 4. The plaintiff has not filed any motions in that case.

Federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant has the opportunity to raise any possible federal claim in state court and no exceptional circumstances exist. Olsson v. Curran, 328 Fed. Appx. 334, 335 (7th Cir. 2009); see also Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010) (citing Younger v. Harris, 401 U.S. 37 (1971)). Exceptions exist for speedy trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. Sweeney, 612 F.3d at 573. The Seventh Circuit has held that for state pretrial detainees, federal *habeas corpus* relief generally is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." Olsson, 328 Fed. Appx. at 335 (affirming the dismissal of a petition where the petitioner had not exhausted his state court

remedies or presented any exceptional circumstances to justify enjoining the state court proceeding); see also Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489-92 (1973) (finding petitioner could raise his speedy trial claim where he sought trial on a three-year-old indictment, presented his federal constitutional claim in the state courts, and did not seek to forestall a state prosecution).

Because the petitioner is a pretrial detainee facing pending state criminal charges, the appropriate place for him to raise any issues regarding those ongoing criminal proceedings is in the Sheboygan County Circuit Court. This will allow a Wisconsin court to have the first opportunity to respond to and resolve his claim.[1] See United States v. Castor, 937 F.2d 293, 296 (7th Cir. 1991) (comity requires that pretrial "detainees exhaust all avenues of state relief before seeking the writ"); Olsson, 328 Fed. Appx. at 335 (finding district court properly abstained from interfering with the petitioner's state criminal case where the petitioner did not exhaust his state court remedies on his speedy trial claim, was not prevented from bringing his constitutional claims in

---

[1] Although the petitioner says that there have been violations "over the past decade," he has stated that he is seeking a writ of *habeas corpus* and a grand jury investigation. As far as the court can tell, the only specific factual allegations relate to his current incarceration in Sheboygan County. Based on his past filings in this district, the petitioner knows the difference between civil rights actions, Goodwill v. City of Sheboygan, Case No. 12-cv-1093-rtr (E.D. Wis. 2013), Goodwill v. Clements, Case No. 12-cv-1094-rtr (E.D. Wis. 2013), Goodwill v. Clements, Case No. 12-cv-1095-rtr (E.D. Wis. 2013), and *habeas* petitions. Goodwill v. Clements, Case No. 12-cv-1096-pjg (E.D. Wis. 2013), In re Petition filed by Jason Goodwill, Case No. 16-mc-39-cnc (E.D. 2017). If he wishes to bring a civil suit against people whom he believes harmed him in the past, *habeas* is not the proper way to bring that suit.

6

state court, and failed to show that the state court did not give him an adequate opportunity to present his constitutional claims).

Finally, the court notes that on May 22, 2017, the court received from the petitioner a document entitled "Notice of Removal." Dkt. No. 5. In this document, the petitioner states that he is "removing" the criminal case pending in Sheboygan County (and a closed criminal case from the same county) to "the U.S.D.C. for the 20th district of Wisconsin" for good cause. Id. He cites 28 U.S.C. §§1445 and 1446 as the bases for this notice. Although the court is dismissing the petition, and although the notice does not ask the court for any relief, the court advises the petitioner that he cannot remove a state criminal case to federal court.

First, there is no federal court for the "20th district" of Wisconsin. There are two federal district courts in Wisconsin—the United States District Court for the Eastern District of Wisconsin (which covers cases arising in counties on the eastern side of the state), and the United States District Court for the Western District of Wisconsin (covering counties on the western side of the state). Second, 28 U.S.C. §1445 does not authorize removal of a criminal case to federal court—it lists the types of *civil* cases that *cannot* be removed to federal court. Third, 28 U.S.C. §1446 authorizes a party to remove a **civil** case to federal court. The cases the petitioner references in his notice are **criminal** cases. There is no statute which authorizes the removal of a state **criminal** case to federal court.

7

The court **DISMISSES** without prejudice the petitioner's petition for writ of *habeas corpus*. Dkt. No. 1. The court **DENIES** as moot the petitioner's application for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin, this 24th day of May, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge