UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GOODWILL,

          Petitioner,

   v.                                                  Case No. 17-CV-622-pp

CITY OF SHEBYOGAN,
SHEBOYGAN COUNTY,
STATE OF WISCONSIN,
SHEBOYGAN POLICE DEPARTMENT,
SHEBOYGAN COUNTY DETENTION CENTER,

          Respondents.

---

**ORDER DENYING PETITIONER'S WRIT OF ERROR CORAM NOBIS ON PREVIOUSLY "FILED" "PETITION FOR WRIT OF HABEAS CORPUS" & "MOTION TO SHOW CAUSE" AND ORDER TO RECONSIDER (DKT. NO. 9), AND DENYING PETITIONER'S MOTION TO REMEDY & DISMISS & SET ASIDE (DKT. NO. 10)**

---

On May 25, 2017, the court denied without prejudice the petitioner's petition for writ of *habeas corpus,* denied as moot his motion for leave to proceed without prepaying the filing fee (because he already had paid the $5 filing fee) and dismissed the case. Dkt. No. 6. After dismissal, the petitioner filed several motions seeking reconsideration and other relief. The court will deny these motions.

I.    **Procedural Background**

The *habeas* petition filed on May 1, 2017 asked the court to open a federal criminal grand jury investigation, citing a "decade" of constitutional violations and incidents with the Sheboygan police "[a]s recently as April 25th of

2017." Dkt. No. 1 at 3. The three-page petition, which was not on the court's official form, provided few facts to support this request. Dkt. No. 1.

In its May 24, 2017 order denying the petition, the court explained to the petitioner that the law did not provide him with a private right to have someone investigated or prosecuted. Dkt. No. 6 at 4. The court told the petitioner that there were several things he could do if he believed that the defendants, or someone working for them, had committed crimes against him, but that this court could not do as he requested. Id. The court also explained that, to the extent that he was alleging that there was something constitutionally or legally wrong with his pending Sheboygan County criminal case, he needed to raise those issues with the Sheboygan County Circuit Court. Id. at 6. Finally, the court advised the petitioner that he could not remove a state criminal case to federal court. Id. at 7.

**II.     Petitioner's writ of error coram nobis on previously "filed" "petition for writ of habeas corpus" & "motion to show cause" and order to reconsider (Dkt. No. 9)**

Thirty-six days after the court entered judgment, the court received from the petitioner a document entitled "writ of error coram nobis on previously 'filed' 'petition for writ of habeas corpus' & 'motion to show cause' and order to reconsider." Dkt. No. 9 at 1. The motion indicates that, in dismissing his petition, the court committed criminal trespass, obstruction of justice, criminal "fraud, treason, racketeering, corruption, and domestic terrorism," and refers to the court as a "judicial usurper." Id. at 3. The petitioner states that, because the clerk of court did not caption the case, word for word, the way he did in his

2

petition, the clerk's actions were "criminally unacceptable." Id. He alleges that the court conspired with Stephen Dries (clerk of court for the Eastern District of Wisconsin) and Kristine Wrobel (deputy clerk) to disregard and dismiss his pleadings. Id. He argues that these actions deprived him of his right to meaningful access to the courts. Id.

The petitioner asks the court to reconsider its decision for several reasons. First, he argues that by "renaming" his pleading, the court stripped him of his *pro se* status, despite knowing that he is not a lawyer. Id. at 6. Second, he argues that 28 U.S.C. §2243 requires a court to return a writ of *habeas corpus* within three days, but that the court took thirty-six days to issue its decision; this, he claims, constituted an unlawful suspension of his right to *habeas corpus.* Id. Third, he the petitioner reiterates that the City of Sheboygan fabricated evidence, falsified documents, kidnapped him, falsely imprisoned him and committed a number of other offenses against him, and says that by dismissing his case, the court conspired to deny him his rights just as the City did. Id. Fourth, he argues that under "judicial cognizance," any time a court receives notice that someone's rights have been violated, that judge must act, "with or without proved evidence." Id. at 7. Fifth, he asserts that the court delayed his case by demanding that he file a formal application for waiver of the filing fee, and ignoring the informal one he filed. Id. Sixth, he disagrees with the court's conclusion that the law does not give him a right to remove a state criminal case to federal court. Id. Seventh, he argues that the City of Sheboygan "is guilty of mass crimes of Treason by domestic terrorists,"

3

and that the court dismissed his petition despite knowing this. Id. at 8. Finally, the petitioner states that, by telling him that he has to wait to find out the result of his state criminal prosecution before filing a federal *habeas* petition, the court is elevating form over substance, and is "defeating the very nature of Habeas Corpus." Id.

As relief, the petitioner indicates that his motion has the effect of vacating and nullifying the court's order of dismissal as fraudulently published, and that it constitutes an amended petition. Id. at 9.

The petitioner did not identify any rule or statute allowing courts to reconsider their decisions, but there are such rules. There are two rules that provide a person with a way to ask a federal court to reconsider a decision. Federal Rule of Civil Procedure 59(e) allows a party to file a motion to "alter or amend a judgment" within twenty-eight days of the date the judgment is entered. The clerk of court entered judgment dismissing the petition on May 25, 2017; the petitioner would have had to file a Rule 59(e) petition by June 22, 2017 in order for the court to consider it. The petitioner dated the current motion June 13, 2017. Although the court did not receive the motion until June 30, 2017, the court will consider the petitioner's motion filed as of the date he put on it, and will consider his motion a valid Rule 59(e) motion.

In order to prevail on a Rule 59(e) motion to alter or amend judgment, a party must "clearly establish[]: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting

4

Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Id.

The petitioner has not pointed to any newly-discovered evidence in support of his motion to reconsider; he refers only to the allegations that he made in his petition. Instead, he argues that in dismissing his petition, the court committed a manifest error. The petitioner has not "clearly established" that the court disregarded, misapplied or failed to recognize controlling precedent. He simply disagrees with the court's decision to dismiss his petition. Such a disagreement is not sufficient to support a Rule 59(e) motion.

The other way for a party to ask a court to reconsider a judgment is Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a court to grant relief from final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" Eskridge v. Cook C'nty, 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)). An appellate court reviews a district court's decision on a Rule 60(b) motion under an abuse of discretion standard, and will reverse it "only when 'no reasonable person could agree' with the decision to deny relief.'" McCormick, 230 F.3d at 327.

The petitioner argues that the court acted unlawfully when it dismissed his petition, stating that the court is a "kangaroo court" and that Judge Pepper is a "judicial usurper." But despite the fact that he attached a number of documents to his motion, nothing in those documents indicates to the court that it was incorrect in deciding that the petitioner's federal *habeas* petition was premature, because his state criminal case is ongoing. As recently as January 16, 2018, the petitioner appeared in Sheboygan Count Circuit Court; that court scheduled a plea hearing for March 27, 2018 at 10:00 a.m. State v. Goodwill, Sheboygan County Case No. 2016CF000628 (accessible at https://wcca.wicourts.gov/court). As the court explained in its order of dismissal, the plaintiff must first raise any challenges to his arrest and prosecution before the Sheboygan County judge. If that judge issues a ruling that the petitioner believes is unconstitutional, the petitioner can appeal; if he gets no relief after appealing to the highest court in the state, he may return to this court and seek *habeas* relief then.

Nor has the petitioner shown that the court erred when it found that there is no legal authority for a federal court to remove a state criminal prosecution to federal court. The petitioner says that the court has such authority under Article III, §2 of the U.S. Constitution. But that part of the Constitution gives federal courts jurisdiction over cases that arise under *federal* laws. The petitioner is being prosecuted in state court for alleged violations of *state* laws. Article III, §2 does not give this federal court jurisdiction over violations of state criminal laws.

This court does not have the authority to consider the petitioner's challenges to his arrest and prosecution now, and he has presented no law that demonstrates otherwise. The court will deny his motions to reconsider.

### III. Petitioner's Motion for Remedy, to Dismiss Case, to Set Aside (Dkt. No. 10)

Two weeks after the court received the petitioner's motion to reconsider, it received a "motion to remedy & dismiss & set aside." Dkt. No. 10. In this motion, the petitioner describes the Sheboygan County Detention Center as a "nightmare of a facility of Rights violations, human warehousing, disease, medical abuse and more." Dkt. 10 at 3. He says that the facility's law library—a designation he puts in quotation marks—contains nothing but miscellaneous paperback books (not related to the law), a single volume of 2005 statutes with pages missing, a "crippled computer, having limited and censored legal data, though mainly used for school," and a broken pencil sharpener. Id. He argues that such a deficient library denies its inmates meaningful access to the courts. Id. He asks the court to suspend "any court proceedings for any person held" in

the facility "until a meaningful law library is created, and, each person compensated for the false imprisonment time." Id. He also asks the court to review every case where "a conviction has occurred and that person was denied meaningful access to the court/law library." Id.

In the same motion, the petitioner asks the court for "dismissal." Id. at 4. The petitioner does not say what it is he wants this court to dismiss, but the court assumes that he is asking this court to dismiss his state court case in Sheboygan County Circuit Court; he mentions setting aside "Sheboygans accusations and cases." Id. at 5. Finally, he "demands, for good cause, a setting aside of all records, cases and fraudulent claims." Id.

The petitioner's Sheboygan County case is still pending. He can—and should—present the judge in that case with his argument that he did not have meaningful access to the court, because of the alleged deficiencies in the Sheboygan County Detention Center's library.

The plaintiff cannot bring claims on behalf of "any" person in custody at the detention center, or "any" person convicted and denied meaningful access to the courts; he has the authority to bring claims on his own behalf, but not on someone else's. There is a way for a party to sue on behalf of other people; it is called a "class action" suit. Filing a class action lawsuit is very complicated, and the person who does it must obtain permission to do so by going through a process to have the particular "class" of people on whose behalf he is suing certified. The plaintiff has not met the requirements for a class action suit.

The court has explained to the petitioner that it cannot dismiss his state

8

prosecution, because the law prohibits federal courts from interfering with ongoing state criminal proceedings except in the most extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971); Dkt. No. 6 at 5.

The court does not have authority to stay the proceedings of all of the people in custody at the Sheboygan County Detention Center, or to dismiss the petitioner's state criminal case. The court will deny this motion.

## IV. Conclusion

The court **DENIES** the petitioner's writ of error coram nobis on previously "filed" "petition for writ of habeas corpus" & "motion to show cause" and order to reconsider. Dkt. No. 9.

The court **DENIES** the petitioner's motion to remedy & dismiss & and set aside. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 31st day of January, 2018.

                                 **BY THE COURT:**

                                 **HON. PAMELA PEPPER**
                                 **United States District Judge**